FILED 4 MAY '23 12:21 USDC-ORP

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Oregon |
|---|---|

| Name (under which you were convicted): Preston Jacob Berman | Docket or Case No.: 6:23-CV-660-MO |
|---|---|

| Place of Confinement : Oregon State Hospital | Prisoner No.: 81435 |
|---|---|

| Petitioner (include the name under which you were convicted) Preston Jacob Berman | Respondent (authorized person having custody of petitioner) Dolores Matteucci |
|---|---|

v.

| The Attorney General of the State of: Oregon |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Deschutes County Courthouse 1100 NW Bond Street, Bend, Oregon 97703

    (b) Criminal docket or case number (if you know):  10FE0206SF

2.  (a) Date of the judgment of conviction (if you know):  12/08/2010

    (b) Date of sentencing:  12/08/2010

3.  Length of sentence:  20 Years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:  Arson 1

    Burglary 2

    Reckless Burning 18 counts

6.  (a) What was your plea? (Check one)

    ☐ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☑ (4)   Insanity plea

#102493

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

&#x2610; Jury    ☑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

&#x2610; Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

&#x2610; Yes    ☑ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    &#x2610; Yes    &#x2610; No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?      ☐ Yes      ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?      ☐ Yes      ☑ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☐ No

(7) Result: _____

AO 241 (Rev. 09/17)

    (8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❒ Yes    ❒ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ❑ Yes   ❑ No

      (7) Result: _____

      (8) Date of result (if you know): _____

    (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

      (1) First petition:     ❑ Yes   ☑ No

      (2) Second petition:   ❑ Yes   ☑ No

      (3) Third petition:    ❑ Yes   ☑ No

    (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

    Due to the complexity of my case and limited financial resources, I was unable to secure legal

    representation with the expertise required to pursue an appeal to the highest state court.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Violation of the Equal Protection Clause (14th Amendment)

  (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The policy of automatically imposing maximum sentences on mentally disabled individuals

found guilty except for insanity (GEI) violates the Equal Protection Clause, as it treats them

differently than non-disabled individuals facing similar charges. The state has failed to

provide a compelling reason for this disparate treatment, resulting in a violation of the Equal

Protection Clause.

  (b) If you did not exhaust your state remedies on Ground One, explain why:  I did not exhaust my state remedies

on Ground One because I believed that pursuing relief through the state courts would be futile.

I faced difficulties in obtaining legal representation and guidance throughout the state appeals process.

I also wasnt aware of this constitutional violations at the time I had available appeals.

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**                    Violation of the Due Process Clauses (5th and 14th Amendments)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The maximum sentencing policy for mentally disabled individuals found GEI is applied

arbitrarily and lacks procedural safeguards, such as a transparent and fair process to

determine the appropriate sentence. This leads to a violation of the Due Process Clauses.

(b) If you did not exhaust your state remedies on Ground Two, explain why:  I did not exhaust my state remedies

on Ground Two because I believed that pursuing relief through the state courts would be futile.

I faced difficulties in obtaining legal representation and guidance throughout the state appeals process.

I also wasnt aware of these violations at the time I had available appeals.

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐   Yes      ☐   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes   ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:**    Violation of the Cruel and Unusual Punishment Clause (8th Amendment)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The policy of maximum sentencing for mentally disabled individuals found GEI constitutes

cruel and unusual punishment, as it results in significantly harsher sentences compared to

non-disabled individuals in similar circumstances and neglects the individual's mental

health needs and rehabilitation potential.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:  I did not exhaust my state remedies

on Ground Three because I believed that pursuing relief through the state courts would be futile.

I faced difficulties in obtaining legal representation and guidance throughout the state appeals process.

I also wasnt aware of this constitutional violation at the time I had available appeals.

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** Violation of the Right to Effective Assistance of Counsel (6th Amendment)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Oregon's policy of automatically imposing maximum sentences on mentally disabled

individuals found GEI hinders defense attorneys from adequately representing their clients

and advocating for lesser sentences based on their clients' mental health status, unique

circumstances, or mitigating factors. This directly results in a violation of the right to

effective assistance of counsel.

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:    I did not exhaust my state remedies

on Ground Four because I believed that pursuing relief through the state courts would be futile.

I faced difficulties in obtaining legal representation and guidance throughout the state appeals process.

I also wasnt aware of this constitutional violation at the time I had available appeals.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?       ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?      ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

         having jurisdiction?   ☐ Yes   ☑ No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

         presenting them:   Grounds 1-4 were not presented to the highest state court because I wasnt

         aware of them until April 2023

   (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

         ground or grounds have not been presented, and state your reasons for not presenting them:

         Grounds 1-4 were not presented to the highest state court because I wasnt

         aware of them until April 2023

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?   ☐ Yes   ☑ No

      If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

      of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?   ☐ Yes   ☑ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

      raised.

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:   Reid Kajikawa


(b) At arraignment and plea:   Reid Kajikawa


(c) At trial:        Reid Kajikawa


(d) At sentencing:   Reid Kajikawa


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes   ☑ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

In my petition for habeas corpus relief, I contend that the statute of limitations under 28

U.S.C. § 2244(d) does not bar my petition, as the factual predicate of my claim or claims was

not discovered until April 2023. According to 28 U.S.C. § 2244(d)(1)(D), the one-year

limitation period may start running from the date on which the factual predicate of the claim

or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

I exercised due diligence in attempting to discover the factual predicate of my claim, but it

was not discovered until April 2023. The discovery was not due to a lack of effort on my part.

Since the statute of limitations runs from the date of discovery, and I am filing my petition

within one year from that date, my petition should not be barred by the statute of limitations.

I am prepared to provide evidence supporting the newly discovered facts and explain how

these facts form the basis of my claim or claims. Moreover, I will demonstrate that my due

diligence in attempting to discover the factual predicate of my claim was reasonable under

the circumstances.


Therefore, I respectfully request that the Court consider my petition for habeas corpus relief

on its merits, as the statute of limitations under 28 U.S.C. § 2244(d) does not bar my petition

due to the timely discovery of the factual predicate of my claim or claims.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

     (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

     (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Grant a new sentencing hearing for myself and
other affected individuals with mental disabilities.  in compliance with the constitutional guarantees
of equal protection, due process, and protection against cruel and unusual punishment.
or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on           04/28/2023           (month, date, year).

Executed (signed) on           04/27/2023           (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____