RECV'D 15 MAY '23 11:42 USDC-ORE
FILED
30

Preston Berman
2600 Center St. NE
Salem, OR 97301

Eugene Division
Wayne L. Morse U.S. Courthouse
405 East Eighth Ave.
Eugene, OR 97401

May 9th 2023

Dear Judge Mosman,

Please find attached further explanations of the grounds raised in my habeas corpus petition for case number 6:23-cv-660-MO. These grounds address the concerns surrounding the maximum sentencing policy for individuals found guilty except for insanity (GEI) and the potential discrimination against mentally disabled individuals as a protected class.

1

Ground I: Violation of the Equal Protection Clause of the 14th Amendment

Petitioner Preston Berman contends that the maximum sentencing policy for individuals found guilty except for insanity (GEI), as applied and enforced by the Respondents, systematically discriminates against a protected class of mentally disabled individuals, resulting in a violation of the Equal Protection Clause of the 14th Amendment. Specifically:

The maximum sentencing policy mandates that all individuals found GEI, including Mr. Berman, receive the maximum sentence for their offenses due to their mental disabilities, without consideration of their unique circumstances, needs, or potential for rehabilitation.

In contrast, non-disabled individuals convicted of similar offenses are not subjected to this automatic maximum sentencing policy and may receive non-maximum sentences based on their specific circumstances and the discretion of the sentencing court.

This disparate treatment of mentally disabled individuals found GEI is not based on a valid reason or a legitimate government interest. It unfairly targets them solely because of their mental disabilities, without considering any individualized factors that may warrant a lesser sentence.

By systematically imposing maximum sentences on all individuals found GEI, the policy discriminates against a protected class of mentally disabled persons and denies them equal protection under the law, in violation of the 14th Amendment to the United States Constitution.

Ground II: Violation of the Due Process Clause of the 5th and 14th Amendments

Petitioner Preston Berman asserts that the maximum sentencing policy for individuals found guilty except for insanity (GEI), as applied and enforced by the Respondents, is arbitrary and lacks procedural safeguards, resulting in a deprivation of life, liberty, or property without due process of law for a protected class of mentally disabled individuals. Specifically:

The maximum sentencing policy mandates that all individuals found GEI, including Mr. Berman, receive the maximum sentence for their offenses due to their mental disabilities, without consideration of their unique circumstances, needs, or potential for rehabilitation.

The policy is applied uniformly to all individuals found GEI, without regard to individualized factors that may warrant a lesser sentence, and does not provide for any procedural safeguards to ensure that the sentencing is fair and just.

The arbitrary nature of the maximum sentencing policy and its lack of procedural safeguards result in a systemic deprivation of life, liberty, or property interests for a protected class of mentally disabled individuals found GEI, in violation of the Due Process Clause of the 5th and 14th Amendments to the United States Constitution.

Ground III: Violation of the Cruel and Unusual Punishment Clause of the 8th Amendment

Petitioner Preston Berman asserts that the maximum sentencing policy for individuals found guilty except for insanity (GEI), as applied and enforced by the Respondents, imposes disproportionately harsh sentences on a protected class of mentally disabled individuals, including himself, constituting cruel and unusual punishment. Specifically:

The maximum sentencing policy mandates that all individuals found GEI, including Mr. Berman, receive the maximum sentence for their offenses due to their mental disabilities, without consideration of their unique circumstances, needs, or potential for rehabilitation.

This policy results in systematically harsher sentences for mentally disabled individuals found GEI, compared to non-disabled individuals convicted of similar offenses, who may receive non-maximum sentences based on their specific circumstances and the discretion of the sentencing court.

The imposition of such disproportionately harsh sentences on a protected class of mentally disabled individuals found GEI, including Mr. Berman, constitutes cruel and unusual punishment, in violation of the 8th Amendment to the United States Constitution.

Ground IV: Violation of the Right to Effective Assistance of Counsel under the 6th Amendment

Petitioner Preston Berman asserts that the maximum sentencing policy for individuals found guilty except for insanity (GEI), as applied and enforced by the Respondents, hinders defense attorneys' ability to adequately represent their mentally disabled clients, who are part of a protected class, including himself, and advocate for lesser sentences based on their unique circumstances, thereby undermining the effectiveness of counsel. Specifically:

The maximum sentencing policy mandates that all individuals found GEI, including Mr. Berman, receive the maximum sentence for their offenses due to their mental disabilities, without consideration of their unique circumstances, needs, or potential for rehabilitation.

This policy systematically and negatively affects defense attorneys' ability to effectively represent their mentally disabled clients found GEI by limiting their ability to advocate for lesser sentences that take into account individualized factors warranting more lenient treatment.

The policy's impact on the representation of a protected class of mentally disabled clients found GEI, including Mr. Berman, undermines the effectiveness of counsel, in violation of the 6th Amendment to the United States Constitution.