FILED 30 MAY '23 11:05USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| PRESTON BERMAN, | ) Case No: 6:23-cv-00660-MO |
| Plaintiff, | ) |
| vs. | ) SUPPLEMENT TO ORIGINAL COMPLAINT |
| DOLORES MATEUCCI, | ) |
| Defendant. | ) |

GROUND I

Equal Protection Clause Violation: In line with the principles outlined in Plyler v. Doe, 457 U.S. 202 (1982), this policy can be seen as violating the Equal Protection Clause. The policy seemingly treats mentally ill individuals and non-mentally ill individuals differently when they are similarly situated as defendants in a criminal case. Even if the intention of the policy is to protect public safety or facilitate treatment, these objectives must be achieved through less discriminatory means that do not unduly burden a vulnerable and marginalized group like mentally ill individuals.

GROUND II

Due Process Clause Violation: Drawing on the precedent set in Foucha v. Louisiana, 504 U.S. 71 (1992), this policy arguably fails to meet the principles of fairness and justice, thereby violating the Due Process Clause. By imposing automatic maximum sentences on mentally ill individuals, it introduces an element of arbitrariness and disproportionate severity. The right to appeal, while important, does not adequately address these initial due process concerns at the trial level.

GROUND III

Cruel and Unusual Punishment Clause Violation: While it may be argued that this policy is not punitive but protective, the lived experiences of those affected by it tell a different story. Consider, for example, a situation in which a defendant has already spent a significant portion of their sentence, say seven out of twenty years, in a state hospital, such as the Oregon State Hospital. This reality brings into sharp focus the quality and nature of the "treatment" under this policy. Extended periods of confinement, even under the auspices of treatment, can very much resemble punishment, and thus may violate the Cruel and Unusual Punishment Clause.

Moreover, the policy's automatic imposition of maximum sentences on mentally ill individuals does not take into account the varying degrees of culpability among defendants. This blanket approach can lead to disproportionately severe sentences for mentally ill individuals, who may not bear the same level of responsibility for their actions as non-mentally ill individuals due to their health conditions. This aspect of the policy could be perceived as both cruel and unusual, further underscoring its potential violation of the Eighth Amendment.

GROUND IV

Violation of the Right to Effective Assistance of Counsel: The policy at hand potentially infringes upon the defendant's right to effective assistance of counsel, as established in Strickland v. Washington, 466 U.S. 668 (1984). Although an attorney can argue for mitigating circumstances, the policy's provision for automatic maximum sentences may limit the effectiveness of these arguments. Furthermore, it may undermine the attorney's capacity to negotiate plea deals or advocate for their client during the sentencing phase, therefore potentially prejudicing the outcome of the case.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

PRESTON BERMAN,                   )  Case No: 6:23-cv-00660-MO
                                  )
        Plaintiff,                )
                                  )  EXHIBIT B
vs.                               )
                                  )
DOLORES MATEUCCI,                 )
                                  )
        Defendant.                )
_____ )

The following screenshot is from
https://www.oregon.gov/prb/Pages/Length-Jurisdiction.aspx


It says "Typically, courts place individuals under Psychiatric Security Review Board jurisdiction for the maximum length to which they could have been sentenced if convicted."



# PSRB Jurisdiction

## Psychiatric Security Review Board Jurisdiction

Typically, courts place individuals under Psychiatric Security Review Board jurisdiction for the maximum length to which they could have been sentenced if convicted. Board clients remain under the Board's jurisdiction as long as they have a qualifying mental disorder which makes them dangerous when the disorder is active, unless they complete their judicially-mandated time under our jurisdiction.

Preston R...
2600 C...
Salem, OR 97301



Clerk of Court
1000 S.W. Third Ave.
Portland, OR 97204