IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRESTON JACOB BERMAN,

          Petitioner,

v.

DOLORES MATTEUCCI,

          Respondent.

Case No. 6:23-cv-00660-MO

ORDER

MOSMAN, District Judge.

On May 4, 2023, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a Deschutes County judgment dated December 8, 2010. In order to proceed, Petitioner must show cause why his Petition (#1) should not be summarily dismissed on the basis that it is untimely. *See* 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (permitting summary dismissal of petition).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. The Act provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

1 - ORDER

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

According to the contents of the Petition, a judge found Petitioner guilty except for insanity of one count of Burglary in the Second Degree and 18 counts of Reckless Burning. On December 8, 2010, the judge sentenced him to 20 years in custody. Petitioner did not take a direct appeal, nor did he file for post-conviction relief. As a result, Petitioner had until January 7, 2012 in which to timely file this 28 U.S.C. § 2254 habeas corpus case.[1] Because he did not do so, it appears that the Petition is untimely by more than 11 years.

In his Petition, Petitioner claims that the statute of limitations should not run from the time that his judgment became final in January 2011, but from April 2023 when he discovered the factual predicate of his claims. He does not, however, identify what that factual predicate is,

---

[1] This calculation includes the 30 days Petitioner had to file a direct appeal in the Oregon Court of Appeals. *See* ORS 138.071. When Petitioner did not file a direct appeal, his judgment became final and the AEDPA's one-year statute of limitations began to run. Because he never filed an application for post-conviction relief, the AEDPA's statute of limitations ran unabated until he filed this case. *See* 28 U.S.C. § 2244(d)(2).

2 - ORDER

why he could not discover it until April 2023, or how he was diligent in pursuing his claims in the years since his judgment became final. Accordingly, if Petitioner wishes to continue with this case, he must show cause why his Petition should not be dismissed as untimely.

## **CONCLUSION**

Should Petitioner wish to proceed with this case, he must show cause within 30 days of this Order why his Petition should not be dismissed on the basis that it is untimely. His failure to do so will result in the dismissal of this case with prejudice.

The Court reserves ruling on Petitioner's Motion for Appointment of Counsel (#6) pending his compliance with this Order.

IT IS SO ORDERED.

| | |
|---|---|
| 6/5/2023 | *Michael W. Mosman* |
| DATE | Michael W. Mosman |
| | United States District Judge |

3 - ORDER