IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRESTON JACOB BERMAN,

          Petitioner,

v.

DOLORES MATTEUCCI,

          Respondent.

Case No. 6:23-cv-00660-MO

ORDER TO DISMISS

MOSMAN, District Judge.

On June 5, 2023, the Court advised Petitioner that if he wished to proceed with this 28 U.S.C. § 2254 habeas corpus case, he must show cause why the action should not be dismissed as untimely. In that Order, the Court recognized that the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1 - ORDER TO DISMISS

      (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

On December 8, 2010, Petitioner was found guilty except for insanity of one count of Arson in the First Degree, one count of Burglary in the Second Degree, and 18 counts of Reckless Burning.[1] When he did not take a direct appeal, his conviction became final on December 8, 2011 and he had one year from that date in which to timely file this 28 U.S.C. § 2254 habeas corpus case.[2] In his Petition, Petitioner claims that the statute of limitations should not run from the time that his judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A), but from April 2023 when he discovered the factual predicate of his claims pursuant to 28 U.S.C. § 2244(d)(1)(D). Because his Petition fails to provide any specifics as to these newly discovered factual predicates, the Court advised Petitioner to elaborate on this allegation when responding to the show cause Order.

In his Response (#10) to the show cause Order, Petitioner states that in April 2023, an artificial intelligence chatbot provided him with insights that helped him discover his claims that

---

[1] As Petitioner points out in his Motion to Correct Error (#11), the Order to Show Cause did not reference his Arson conviction.

[2] This calculation includes the 30 days Petitioner had to file a direct appeal in the Oregon Court of Appeals. *See* ORS 138.071. When Petitioner did not file a direct appeal, his judgment became final and the AEDPA's one-year statute of limitations began to run. Because he never filed an application for post-conviction relief, the AEDPA's statute of limitations ran unabated until he filed this case. *See* 28 U.S.C. § 2244(d)(2).

2 - ORDER TO DISMISS

the maximum sentencing policy for disabled individuals found guilty except for insanity violates several constitutional provisions. He asserts that prior to April 2023, artificial intelligence technology was not sufficiently advanced to impart this knowledge to him.[3]

Petitioner's understanding of his legal claim is not a "factual predicate" for purposes of 28 U.S.C. § 2244(d)(1)(D), and he need not understand the legal significance of known facts for the AEDPA's one-year statute of limitations to commence. *Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2000). His lack of legal knowledge also does not warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, Petitioner has not established that the AEDPA's statute of limitations began running any later than the date his state-court judgment became final on January 7, 2011. Because the AEDPA's one-year statute of limitations expired long before Petitioner filed this case, his Petition for Writ of Habeas Corpus is summarily dismissed, with prejudice, on the basis that it is untimely.

## CONCLUSION

Petitioner's Motion to Correct Error (#11) is granted, and this Order now reflects his additional conviction for Arson in the First Degree. However, for the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed with prejudice.

Petitioner's pending Motion for Appointment of Counsel (#6) is denied.

IT IS SO ORDERED.

7/10/2023
DATE

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

---

[3] Petitioner also asserts that unidentified personal circumstances caused his late filing. This conclusory allegation is insufficient to satisfy the Order to Show Cause.

3 - ORDER TO DISMISS