Preston Berman
2600 Center St. NE
Salem, OR 97301

FILED 22 JAN '24 11:23 USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **PRESTON BERMAN,**  Petitioner,  v.  **DOLORES MATTEUCCI,**  Respondent | Case No: 6:23-cv-00660-MO  MOTION TO REOPEN BERMAN V. MATTEUCCI UNDER RULE 60(b)(6) |

Petitioner, Preston Jacob Berman, respectfully submits this motion to reopen the case of Berman v. Matteucci, Civil Action No. 6:23-cv-00660-MO, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in light of new legal precedents, personal health considerations, and the lack of legal representation during the initial petition statute of limitations.

**Introduction**

1. This motion seeks to reopen my case, which involves complex legal and personal health issues, and was adversely affected by the lack of appointed legal counsel during the initial habeas corpus petition.

**Lack of Legal Representation**

2. During the initial proceedings of my habeas corpus petition, I was not provided with an attorney. This lack of professional legal representation severely limited my ability to

PAGE 1 - MOTION TO REOPEN BERMAN V. MATTEUCCI UNDER RULE 60(b)(6)

effectively articulate and pursue my legal arguments, especially in the context of my bipolar disorder, a debilitating mental health condition when active.

**Background**

3. The original dismissal of my case was based on its untimeliness under the AEDPA. However, during the initial period allocated for filing, my bipolar disorder and the absence of legal counsel significantly impacted my ability to comprehend and engage with the legal process effectively. It is crucial to note that the habeas petition was advocating for the constitutional rights of individuals found guilty except for insanity, a matter of significant legal and social importance that further underscores the need for a thorough and fair consideration of the petition.

**New Legal Precedents**

4. The Oregon Supreme Court's decision in Ingle v. Matteucci and the stay ordered in Graves v. Matteucci (6:23-cv-00335) represents a pivotal shift in how Oregon courts view the impact of mental health on legal proceedings. This ruling acknowledges that mental health conditions can significantly impair a person's ability to engage with the legal system, especially in understanding and meeting critical deadlines.

5. In Ingle, the Court expressly recognized that mental impairments can and should be considered in determining the timeliness of legal actions. This is particularly relevant in the context of post-conviction relief, where the capacity to understand and act upon one's legal rights is crucial. The Ingle decision underscores the need for the legal system to adapt its expectations and deadlines to the realities faced by individuals with significant mental health challenges.

6. The ruling aligns with the broader legal principle that justice must be administered with an understanding of the individual petitioner's circumstances. In the case at hand, the petitioner's bipolar disorder, a condition that significantly impacts cognitive function and decision-making abilities, parallels the considerations in Ingle. It is a clear example of how mental health can impede one's legal capabilities, thus justifying the application of the escape clause for untimely petitions.

**Argument**

7. Under Rule 60(b)(6), this motion argues that the petitioner's mental health condition (bipolar disorder) and the lack of legal representation during the initial proceedings, in conjunction with the evolving legal landscape post-Ingle, present extraordinary circumstances that justify relief from the previous judgment.

8. The Ingle decision provides a legal basis for courts to reconsider cases where mental health issues might have impeded a petitioner's ability to adhere to standard legal timelines. My case, affected by similar challenges, warrants reconsideration under the enlightened understanding provided by the Ingle ruling.

**Conclusion**

9. The combination of my personal circumstances and the significant legal developments in related cases justifies the reopening of my case for a fair and equitable reassessment.

Respectfully submitted,

*/s/ Preston Berman*

Preston Jacob Berman

Dated: 1/16/24