IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRESTON JACOB BERMAN,

        Petitioner,

v.

DOLORES MATTEUCCI,

        Respondent.

Case No. 6:23-cv-00660-MO

ORDER

MOSMAN, District Judge.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on May 4, 2023 challenging a Deschutes County judgment dated December 8, 2010. Because he did not take a direct appeal or file for post-conviction relief in Oregon's state courts, it was apparent that this federal habeas corpus case was untimely by more than 11 years. *See* 28 U.S.C. § 2244(d)(1) (a one-year statute of limitations applies to habeas corpus cases and begins to run after the criminal judgment becomes final). Accordingly, on June 5, 2023, the Court allowed Petitioner 30 days to show cause why the case should not be dismissed as untimely.

Petitioner responded to the Court's Order (#9) within the 30-day window and stated that the one-year statute of limitations applicable to this case should run from the date he understood the nature of his claims with the help of an artificial intelligence chatbot he utilized in April

1 - ORDER

2023, not the date he concluded his judgment became final. The Court concluded that Petitioner's understanding of his legal claim is not a "factual predicate" for purposes of 28 U.S.C. § 2244(d)(1)(D) that would reset the one-year statute of limitations, and that he need not understand the legal significance of known facts for the one-year statute of limitations to commence. The Court therefore concluded that he had not establish the timeliness of this habeas case. As a result, on July 10, 2023, the Court dismissed the case with prejudice.

Petitioner now brings a Motion to Reopen in which he asks the Court to reconsider its dismissal of his case pursuant to Rule 60(b). Rule 60(b) allows it to reconsider and amend a previous order in narrow circumstances. Under Fed. R. Civ. P. 60(b), a litigant may seek relief from an order or judgment based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Reconsideration of a prior ruling is appropriate where a litigant can show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004).

As an initial matter, Rule 60(b) motions must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1). The Court dismissed this case more than six months before Petitioner filed his Motion to Reopen, and the passage of such a significant amount of time is not reasonable given that all of the bases underlying the Motion to Reopen were readily available to Petitioner at the time the Court dismissed his case. The Motion to Reopen is therefore denied on the basis that it is untimely.

2 - ORDER

Even if Petitioner had timely filed his Motion, he would not be entitled to relief from the Judgment. He effectively contends that he is entitled to equitable tolling because: (1) he suffers from bipolar disorder; (2) he did not have an attorney to assist him in this proceeding; and (3) case law has evolved in Oregon's state courts such that mental impairment should be considered in determining the timeliness of legal actions. Equitable tolling is appropriate, however, only when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001).

Petitioner is not entitled to an attorney in a federal habeas corpus proceeding, *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988), and Oregon state law is not relevant to the issue of whether Petitioner timely filed this federal case. While mental impairment can support equitable tolling, *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003), Petitioner's bipolar disorder does not justify equitable tolling for two reasons. First, he alleges only that he suffers from that disorder; he does not assert that his bipolar disorder is so severe that it rendered him incapable of comprehending the need to timely file his case. *See Bills v. Clark,* 628 F.3d 1092, 1096 (9th Cir. 2010). Second, if he had made such an assertion, his own filings in this case not only demonstrate that he has the ability to initiate a habeas corpus action, but is also capable of understanding and complying with deadlines. *See* Response to Order to Show Cause (#10) (filed within 30-day Court-imposed deadline). The fact that Petitioner did not grasp the legal significance of his claims until recently and did not diligently pursue the habeas remedy in the

3 - ORDER

many years following his convictions are not sufficient bases to excuse his untimely filing. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir. 2000); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). For all of these reasons, Petitioner has not shown that reconsideration of the Court's dismissal of this action is appropriate.

## CONCLUSION

Petitioner's Motion to Reopen (#14) is denied. His second Motion for Appointment of Counsel (#15) is denied because he has demonstrated the ability to coherently articulate his claims, and he no longer presents an active case for the Court's consideration. The Court will not entertain any further motions for reconsideration.

IT IS SO ORDERED.

| 2/26/2024 | *Michael W. Mosman* |
|---|---|
| DATE | Michael W. Mosman |
| | United States District Judge |